UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNA LANE as parent and natural guardian of
David Wagers, a minor,

       Plaintiff,

v.                                                 Case No. _____

WAL-MART STORES, INC. and
JOHN DOE,

       Defendant.

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores, East L.P. ("Wal-Mart"), incorrectly named by Plaintiffs in their Complaint as "Wal-Mart Stores, Inc.," by and through counsel, hereby removes the above-captioned action from the Eighth Judicial District Court, County of Taos, State of New Mexico, to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  As grounds therefore, Wal-Mart states:

**I.**     **WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

       1.     On June 27, 2007, Plaintiffs filed their Complaint for Personal Injury and Compensatory Damages in the State of New Mexico, County of Taos, Eighth Judicial District Court, Cause No. CV-2007-00259, naming Wal-Mart Stores, Inc. and John Doe, as the only Defendants.  A true and correct copy of the Complaint in the state action is attached hereto as Exhibit A.

       2.     The Complaint was served on July 18, 2007. A copy of the Service of Process Transmittal Form is attached hereto as Exhibit B.

3. Wal-Mart filed an Answer to the Complaint on August 18, 2007. A true and correct copy of Wal-Mart's Answer and all documents filed in the state court action are attached hereto as Exhibit C.

4. Upon receipt of service of the Complaint, and noticing that the Complaint was bare of any information which would permit Wal-Mart to determine how much Plaintiff was seeking in damages, Wal-Mart's counsel, on or about August 13, 2007, telephoned Plaintiffs' counsel for the purpose of, *inter alia*, inquiring as to whether Plaintiffs' were seeking in excess of the threshold jurisdictional amount. Plaintiffs' counsel was non committal and evasive in his response as to how much Plaintiffs were seeking from Wal-Mart.

5. Wal-Mart then served upon Plaintiff written discovery including two Requests for Admissions that Plaintiffs were seeking more (or less) than $75,000. See Exhibit D.

6. In an obvious effort to thwart removal, Plaintiffs served evasive and improper responses to those RFAs on September 5, 2007 stating that "Plaintiff is unable to admit or deny this request at this time due to a lack of information on which to base the response." Id.; see also Rule 1-036(A) NMRA (stating that ("An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient tenable him to admit or deny.")

7. Plaintiffs' response to Wal-Mart's requests for admissions fails to state that Plaintiffs have "made reasonable inquiry and that the information known or readily obtainable by him is insufficient tenable him to admit or deny" in responding to Wal-

Mart's RFA asking Plaintiffs to admit they are seeking more than $75,000.00 exclusive of interest and costs.  See id.

8. Accordingly Plaintiffs' evasive and improper response to RFA No. 2 is insufficient as a matter of law and the equivalent of a failure to respond to the Request. See Reed v. Furr's Supermarkets Inc., 2000-NMCA-091, ¶ 7, 129 N.M. 639, 11 P.3d 603. (stating that false answers and or misleading responses to written discovery are "equivalent to, if not worse than, failing to answer at all.").

9. Plaintiffs should not be permitted to defeat removal by abusing the discovery process.  Because Plaintiffs' did not object to RFA no. 2 and have, as a matter of law, failed to respond to RFA no. 2 it is deemed admitted and the threshold jurisdictional amount is met.  See Rule 1-036(A) (stating that an RFA is deemed admitted unless the party requesting the admission receives a written answer that complies with the Rule or timely objection addressed to the matter).

10. Plaintiffs' response to RFA No. 2 was served on Wal-Mart on September 5, 2007.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441 and § 1446(b) because it is filed within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." See 28 USC § 1446(b).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where this action is pending.

12. Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of Court for the Second Judicial District, County of Bernalillo, State of New Mexico.

13. Under the applicable provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) and other applicable statutes, all of which Defendant Wal-Mart has complied, this cause of action is removable to the United States District Court for the District of New Mexico.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action, there is complete diversity of the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A. The Complete Diversity of Citizenship Requirement Is Satisfied

15. There is complete diversity between Plaintiffs and Wal-Mart.

16. Wal-Mart is and was, at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its primary place of business in Arkansas, and therefore a citizen of the State of Arkansas for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

17. Upon information and belief, Plaintiffs are and were, at the time this suit was filed, citizens of the State of New Mexico and residents of Taos County. See Ex. A at ¶ 1.

18. The citizenship of "John Doe," who has been sued under a fictitious name, must be disregarded for purposes of determining diversity. 28 U.S.C § 1441(a) ("for purposes of removal under this chapter, the citizenship of defendants sued under fictitious

4

names shall be disregarded"); See also Australian Gold, Inc. v. Hatfield, 436 F.3d 1228, 2006 U.S. App. LEXIS 2909, *11-*13 (10th Cir. 2006) ("John Doe" parties are disregarded for purposes of removal on the basis of diversity of citizenship).

### B. The Amount in Controversy Requirement Is Satisfied

11. In addition to the diversity reasons for removal, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1367, and 28 U.S.C. § 1441 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a), as amended. Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. See, e.g., Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. See, e.g., Bell v. Preferred Life Assur. Soc. of Montgomery, Alabama, 320 U.S. 238, 240 (1943); Watson v. Blankenship, 20 F.3d 383, 386 (10th Cir. 1994).

13. Plaintiffs allege that, while at the Taos Wal-Mart, Plaintiff David Wagers was observed by a voyeur through a "peep hole" in the dividing wall between stalls while using the commode. *See* Exhibit A, ¶¶ 9-54. However, Plaintiffs' allegations do not stop at a claim that Wal-Mart failed to maintain the public bathroom and keep it free of "voyeurs." Plaintiffs' claims go further. Plaintiffs alleges that the "John Doe" defendant named in the Complaint that purportedly observed Plaintiff through a peep-hole was an **employee** of Wal-Mart. See id. ¶¶ 4, 44-45, 50 ("Wal-Mart actively participated in John

Does' conduct."). Plaintiffs' Complaint goes on to allege, in graphic detail, that a Wal-Mart employee was sitting on the adjoining urinal, with his pants lowered while engaging in disgusting voyeuristic activities. See id. ¶ 24. Plaintiffs further allege that, as a result of this incident, they required medical treatment, experienced great physiological pain and suffering, emotional distress including Post Traumatic Stress Syndrome, and loss of enjoyment of life. See id. ¶ 60.  Plaintiffs also seek punitive damages from Wal-Mart. See Id. Prayer for Relief.

      14.    Without in any manner passing on the merits of the Plaintiffs' claims and only taking into account the kinds of compensatory and punitive damages Plaintiffs seek, the types of injuries they allege they suffered, as well as the compensatory damages awarded in similar cases, the Court can reasonably conclude that the Plaintiffs' verdict could easily exceed $75,000.00, and in fact does exceed $75,000.  See Ransom v. Wal Mart Stores, Inc., 920 F. Supp. 176, 177 (M.D.Ga. 1996) ("[D]efendant can satisfy its burden of proof [on removal] by showing that the Plaintiffs' verdict reasonably may exceed" the required amount in controversy); Bolling v. Union Nat'l Life Ins. Co., 900 F. Supp 400, 405 (M.D. Ala. 1995) ("[i]n view of awards rendered in similar cases [the] defendant has met its burden of producing sufficient evidence [on removal] to convince this court that the amount in controversy is greater than $50,000 exclusive of costs and interest, and therefore the jurisdictional requirements have been met in this case").

      Plaintiffs are essentially asserting that he was observed using the commode through a peep hole by a Wal-Mart employee who had his own pants lowered.  Should a jury believe Plaintiffs' outlandish claims, that jury is likely to be enflamed to a degree making a punitive damage award likely and a verdict higher than the threshold

jurisdictional amount equally likely.  Indeed, awards and settlements exceeding $75,000 for similar injury claims are not uncommon.[1]

15. Because the amount in controversy requirement is met here and, as shown above, there is complete diversity of citizenship between the parties, removal of this case to this Court is appropriate.

16. As noted, Defendant Wal-Mart has, pursuant to 28 U.S.C. § 1446(a), attached hereto, as Group Exhibit A, all the state court process, pleadings, and orders served upon it.  This Notice of Removal is filed within thirty days after receipt by Defendant Wal-Mart of a paper from which it could first be ascertained that the case was one which was removable, in compliance with 28 U.S.C. § 1446(b).

17. Wal-Mart has filed an Answer in the State Court matter in compliance with Fed. R. Civ. P. 87(C).

18. Pursuant to 28 U.S.C. § 1446(d), Defendant Wal-Mart will promptly give notice of removal to the Clerk of the Eighth Judicial District Court as well as Plaintiffs' counsel.

---

[1] See, e.g., Buchanan v. Moncla, *2006 WL 1431265* (Plaintiff, in a voyeurism and invasion of privacy case ,was awarded $3,250,000 in a case where a male Plaintiff alleged he and his wife were video-taped through a vent in the ceiling of his bathroom,); Bishop v. Haines, 2001 WL 1476579 (Plaintiff claimed defendant secretly video taped her in her room over a six-month period; she was awarded $180,673 for psychological and emotional distress); Holmes v. NHP Management Co., 1999 WL 33228828 (Plaintiff awarded settlement of $1,000,000 for physical pain and suffering and PTSD claims alleging that defendant apartment complex failed to keep the premises safe and was negligent in permitting plaintiff to be sexually assaulted by an unknown third party criminal assailant who had previously been identified as a "peeping tom"); Jane Doe v. Partnership No. 9, 1994 WL 1719812 (Plaintiff awarded $385,000 in settlement by defendant apartment complex in a premises liability suit for PTSD where the plaintiff's alleged that the apartment complex failed to act on her report of an unidentified "peeping tom" and allowed plaintiff to be raped at knife point by another unidentified third-party criminal assailant more than a year later).

WHEREFORE, Defendant Wal-Mart respectfully requests that this Court assume full jurisdiction over the action as provided by law.

                                      MODRALL, SPERLING, ROEHL, HARRIS
                                            & SISK, P.A.

                     By:   */s/H. Jesse Jacobus III*
                            Max J. Madrid
                            H. Jesse Jacobus III
                            Attorneys for Wal-Mart
                            Post Office Box 2168
                            500 Fourth Street NW, Suite 1000
                            Albuquerque, New Mexico  87103-2168
                            Telephone: 505.848.1800

I HEREBY CERTIFY that on the 24th day of September, 2007, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:  N/A

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

Brigitte Ursula Lotze
Jerry J. Hamilton
Attorneys for Plaintiff
P.O. Box 513
Taos, New Mexico 87571

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.


By:   */s/ H. Jesse Jacobus III*
       H. Jesse Jacobus III

K:\dox\client\75301\217\W0749351.DOC