IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KENNA LANE as parent
and natural guardian of
David Wagers, a minor,**

      **Plaintiff,**

**vs.**                                         **No. CIV-07-0954 LAM/LFG**

**WAL-MART STORES INC. and
JOHN DOE,**

      **Defendants.**

## **ORDER GRANTING** *PLAINTIFF'S MOTION TO REMAND (Doc. 10)*

**THIS MATTER** is before the Court on *Plaintiff's Motion to Remand (Doc. 10)* filed on October 22, 2007.  Defendant Wal-Mart Stores East, L.P. filed *Wal-Mart's Response to Plaintiff's Motion to Remand (Doc. 13)* on November 8, 2007, and Plaintiff filed *Plaintiff's Reply to Defendant's Response (Doc. 17)* on November 19, 2007.  Having reviewed the motion, response, reply, and relevant law, the Court **FINDS** that the motion should be **GRANTED**.

### FACTUAL BACKGROUND

On June 27, 2007, Plaintiff filed a complaint in New Mexico state court for personal injuries allegedly suffered by her minor son as the result of a "frightening 'peeping tom' confrontation with an unknown adult" in the men's restroom at a Wal-Mart store in Taos, New Mexico.[1]  The complaint was served on Defendant on July 18, 2007, and Defendant answered the complaint in state court on

---

[1] *See Plaintiff's Motion to Remand (Doc. 10)*, at 1; *Notice of Removal (Doc. 1)* at Exhibit A pages 2-4.

August 9, 2007.[2]  The complaint does not state the amount Plaintiff is seeking in damages.  On August 6, 2007, Defendant served a set of Requests for Admissions on Plaintiff asking Plaintiff to (1) admit that the total amount of damages she is seeking does not exceed $75,000, or (2) admit that the total amount of damages she is seeking does exceed $75,000.[3]  Plaintiff responded to the Requests for Admission on September 5, 2007, stating that she "is unable to admit or deny [these] request[s] at this time due to a lack of information on which to base the response."[4]  Defendant filed its *Notice of Removal (Doc. 1)* on September 24, 2007.

Plaintiff asks the Court to remand the matter to state court for two reasons: (1) because Defendant failed to demonstrate that the amount in controversy will exceed $75,000 as required by 28 U.S.C. § 1332(a), and  (2) because Defendant's notice of removal was not filed timely under 28 U.S.C. § 1446(b).[5]

## ANALYSIS

Any civil case filed in state court may be removed by a defendant to federal court if the case could have been brought originally in federal court.  28 U.S.C. § 1441(a).  Defendant alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) due to diversity of the parties and an amount in controversy greater than $75,000, exclusive of interest and costs.[6]  The burden is on the party

---

[2]*See **Plaintiff's Motion to Remand** (Doc. 10) at 2; **Notice of Removal** (Doc. 1) at Exhibits B and C.*

[3]*See **Plaintiff's Motion to Remand** at 2-3; **Notice of Removal** (Doc. 1) at Exhibit D pages 1-2.*

[4]*See **Notice of Removal** (Doc. 1) at Exhibit Group A page 27 of 38 (this page number refers to the electronic page numbers listed in the PDF header at the top of each document in the CM-ECF docket); **Plaintiff's Motion to Remand** (Doc. 10) at 3.*

[5]*See **Plaintiff's Motion to Remand** (Doc. 10) at 7 and 13.*

[6]*See **Notice of Removal** (Doc. 1) at 4.*

requesting removal to establish by a preponderance of the evidence that the jurisdictional amount requirement has been met. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (stating that the 10th Circuit requires that "at a minimum [ ] the jurisdictional amount be shown by a preponderance of the evidence"); *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001). In considering whether this amount has been established, courts may consider, among other things, the severity of the injuries alleged in the complaint, whether there are claims for punitive damages, and "a plaintiff's refusal to stipulate or admit that he or she is *not* seeking damages in excess of the requisite amount." *Id.* at 1306 (emphasis in original). In addition, there is a presumption against removal from state court to federal court, and doubts are to be resolved in favor of remand. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Defendant states that for the following reasons it has established that the amount in controversy is greater than $75,000: (1) Plaintiff's refusal to admit that her claims are for less than $75,000; (2) the severity of the allegations in the complaint; (3) Plaintiff's claim for punitive damages; and (4) similar cases with similar facts have resulted in verdicts higher than the jurisdictional amount.[7] The Court disagrees.

First, Plaintiff's equivocal answers to whether the amount she is seeking is greater than $75,000 is not a sufficient basis for removal to federal court. *See Varela v. Wal-Mart Stores, East, Inc.,* 86 F. Supp. 2d 1109, 1112 (D. N.M. 2000) ("the Court declines to draw any negative inference from [Plaintiff's] refusal to stipulate to a cap on damages in the absence of any proof that [Plaintiff's] claims exceed the required amount in controversy"); *Mamah v. American Loss*

---

[7]*See **Notice of Removal** (Doc.* 1*)* at 3-7.

*Mitigation Consortium of Atlanta*, 2006 U.S. Dist. LEXIS 76302, at *8 (E.D. Okla. 2006) (unpublished) ("[A]lthough Plaintiffs' refusal to admit or deny that [Plaintiffs'] claim exceeds the amount in controversy requirement may provide some evidence of the value of Plaintiffs' claim, without additional underlying facts, it cannot support a finding by a preponderance of the evidence that the jurisdictional limit has been exceeded.") (citations omitted).  Thus, Plaintiff's equivocal answers to Defendant's Requests for Admission do not establish that the amount in controversy is greater than $75,000.

Second, the allegations in the complaint do not provide evidence that it is more likely than not that the amount at issue meets the jurisdictional requirement.  While Defendant states that Plaintiff is alleging pain and suffering and emotional distress, Defendant fails to provide the Court with any facts to establish the amount of Plaintiff's damages.  *See Varela,* 86 F. Supp. 2d at 1111-12 (explaining that defendant was required to provide the court with underlying facts to establish the amount of plaintiff's damages); *Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1192 (N.D. Okla. 1996) (removing defendant must set forth facts underlying defendant's assertion that the amount in controversy exceeds the jurisdictional amount).  The record reflects that Plaintiff alleges psychological injuries to her son that thus far have resulted in a total of $600 for therapy sessions.[8]  Thus, the Court does not find that Plaintiff's claims establish the requisite amount in controversy.  *Cf. Hanna*, 163 F. Supp. 2d at 1306 (claims for an accident that resulted in five fatalities and "*severe injuries*" and "*permanent impairment*" led the court to conclude that the amount in controversy was likely greater than $75,000) (emphasis in original).

---

[8] *See **Plaintiff's Motion to Remand** (Doc. 10)* at 11, and Exhibit 2 (**Affidavit of Kenna Lane**).

Third, while the complaint asks for punitive damages, that fact, without allegations establishing that the amount in controversy is greater than $75,000, does not establish jurisdiction. *See Mamah*, 2006 U.S. Dist. LEXIS 76302, at *7 (finding that "the mere observation that Plaintiffs are asserting [a claim for punitive damages], without more," does not support an assertion that the amount in controversy requirement has been met).

Finally, Defendant's assertion that the fact that other cases with similar facts have resulted in awards of greater than the jurisdictional amount establish federal jurisdiction also fails. In *Varela*, the defendant claimed it had established federal jurisdiction in part because a jury had rendered a verdict against it in a "similar incident" for greater than $178,000. 86 F. Supp. 2d at 1110. The court held that without facts to establish that the cases were similar and what the amount of the damages might be, the defendant did not establish federal jurisdiction, and "the fact that a jury could conceivably award Plaintiff damages in excess of $75,000 is immaterial." *Id.* at 1112. Similarly, Defendant here has neither established that the cases to which it cites have similar facts as are alleged by Plaintiff, nor has Defendant established that the amount of damages might be greater than $75,000.

The Court, therefore, finds that Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. While Defendant relies on Plaintiff's refusal to admit that the amount in controversy is less than $75,000, the allegations in the complaint, the claim for punitive damages, as well as the argument that compensatory damages awarded in similar cases would justify a reasonable conclusion that Plaintiff's verdict could exceed $75,000, these facts do not overcome the presumption against removal. Without providing facts to establish Plaintiff's damages, Defendant has not carried its burden to show that the jurisdictional amount requirement has been met. Because the Court finds

that there is no federal jurisdiction under 28 U.S.C. § 1332(a), the Court need not decide the issue of whether Defendant's *Notice of Removal (Doc. 1)* was timely under 28 U.S.C. § 1446(b).

**THEREFORE IT IS HEREBY ORDERED** that *Plaintiff's Motion to Remand (Doc. 10)* is **GRANTED** and that this action is remanded to the state district court from which it was removed.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**